IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff/Respondent, | § |
| V. | § CRIMINAL ACTION NO. H-03-0372 |
| | § CIVIL ACTION NO. 06-3439 |
| JUAN MANUEL VALENCIA-HUERTA, | § |
| Defendant/Movant. | § |

**MEMORANDUM AND RECOMMENDATION
GRANTING GOVERNMENT'S MOTION TO DISMISS**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Juan Manuel Valencia-Huerta's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 39), and the Government's Response and Motion to Dismiss (Document Nos. 41 & 42). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Response and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Valencia-Huerta's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

**I.     Introduction and Procedural History**

Movant Juan Manual Valencia-Huerta ("Valencia-Huerta"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C.

§ 2255. This is Valencia-Huerta's first motion pursuant to § 2255.

On September 24, 2003, Valencia-Huerta was charged by indictment with illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Document No. 1). On November 7, 2003, Valencia-Huerta pled guilty without a plea agreement. (Document No. 13). Thereafter, on January 30, 2004, following the preparation of a presentence investigation report, to which no objections were filed, the District Court sentenced Valencia-Huerta to 87 months confinement, to be followed by a three year term of supervised release, and a $500 fine. (Document No. 21). A Judgment of Conviction was entered on February 11, 2004. (Document No. 25). Valencia-Huerta's conviction was affirmed by the Fifth Circuit Court of Appeals on August 18, 2004 (Document Nos. 31 & 32), and the United States Supreme Court denied Valencia-Huerta's petition for writ of certiorari on November 29, 2004 (Document No. 33).

On or about February 15, 2006, Valencia-Huerta filed a "Motion for Leave to File Untimely Motion 2255". (Document No. 34). In an Order entered on May 18, 2006, the Court granted the motion for leave, but expressly stated that it was not at that time "making a determination either that petitioner's § 2255 motion is timely filed or that equitable tolling of the limitations period will apply. The Court is simply allowing Petitioner's proposed § 2255 motion to be filed and will later determine if it is barred by the one-year statute of limitations." (Document No. 35). Valencia-Huerta thereafter filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence on June 21, 2005. (Document No. 39). The Government has filed a Response and Motion to Dismiss (Document Nos. 41 & 42), to which Valencia-Huerta has not filed a response in opposition, despite being given an extension of time to do so. This § 2255

proceeding is ripe for ruling.

**II.   Claims**

Valencia-Huerta raises four claims in this § 2255 proceeding:

(1)   that his sentence was unconstitutionally enhanced based on facts not admitted by him or proven beyond a reasonable doubt, in contravention of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005);

(2)   that he should have received a downward departure under U.S.S.G. § 5K2.0 based on his cultural assimilation to the United States;

(3)   that his trial and appellate counsel were ineffective; and

(4)   that he was denied due process in connection with his prior deportation/removal proceedings.

(Document No. 39).

The Government, in its Response and Motion to Dismiss, first argues that Valencia-Huerta's § 2255 motion is time-barred, having been filed more than one year after Valencia-Huerta's conviction became final. In addition, and in the alternative, the Government argues that none of Valencia-Huerta's claims has any merit.

**III.   Discussion – Limitations**

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

>   States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Valencia-Huerta's conviction was final on November 29, 2004, when the United States Supreme Court denied his petition for writ of certiorari. Valencia-Huerta then had one year from November 29, 2004, until November 30, 2005, to file a timely § 2255 motion. Valencia-Huerta's § 2255 motion was not filed until October 2006. (Document No. 39). In addition, Valencia-Huerta did not even ask permission to late-file his § 2255 motion until February 2006, over a month after the limitations period in § 2255(1) had already expired.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(2), (3), and (4), none is applicable in this case. Valencia-Huerta's § 2255 motion cannot be considered timely under § 2255(2) because Valencia-Huerta has not alleged that he was in any way impeded from filing a timely § 2255 motion. While Valencia-Huerta did assert, in his "Motion for Leave to File Untimely Motion 2255" (Document No. 34), that he had been placed in the Special Housing Unit ("SHU") on December 6, 2005, and was therefore unable to timely file his § 2255 motion, by the time Valencia-Huerta was allegedly placed in the SHU, the limitations period had already expired. In addition, Valencia-Huerta's § 2255 motion cannot be considered timely under § 2255(4) because Valencia-Huerta has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. Finally,

4

although Valencia-Huerta raises claims premised upon the decision of *United States v. Booker*, 543 U.S. 220 (2005), which set forth a "new rule," the Supreme Court has not made *Booker* retroactive to cases on collateral review. In addition, the Fifth Circuit has held that *Booker* is not to be applied retroactively to cases on collateral review. *See United States v. Gentry*, 432 F.3d 600, 603 (5th Cir. 2005). As such, Valencia-Huerta's § 2255 motion also cannot be considered timely under § 2255(3). *See e.g., United States v. Martinez*, 2006 WL 448837 (S.D. Tex. 2006) (Head, J.); *see also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (holding that because the Supreme Court has not made *Booker* retroactive to cases on collateral review, successive § 2255 motions that are predicated on *Booker* are subject to dismissal).

In addition, while not directly asserted by Valencia-Huerta, there is no equitable basis for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Upon this record, where the only showing is that Valencia-Huerta was in the SHU from December 6, 2005 to February 6, 2006, after the one year limitations period had already expired, there is no basis for equitable tolling of the limitations period.

Because Valencia-Huerta's § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling, the Government's Motion to Dismiss should be granted.

### IV.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Juan Manuel Valencia-Huerta's § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document Nos. 41 & 42) be GRANTED, that Juan Manuel Valencia-Huerta's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 39) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 10th day of April, 2007.

Frances H. Stacy
United States Magistrate Judge